IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DEAN MOSTOFI :

v. : Civil Action No. DKC 13-2828

EXPERIAN INFORMATION SOLUTIONS, INC. :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this Fair Credit Reporting Act case is the motion to dismiss Count I filed by Defendant Experian Information Solutions, Inc. (ECF No. 18). The issues have been fully briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, Defendant's motion will be granted.

**I. Background**[1]

This case stems from another case involving these parties, *Mostofi v. Advanta Bank Corporation, et al.*, No. DKC-11-2011. On June 30, 2011, Plaintiff filed his complaint in that case, alleging that numerous parties, including Defendant, posted and maintained an incorrect entry on his credit report, thereby violating the Fair Credit Reporting Act ("FCRA"). In this case, Plaintiff, proceeding *pro se*, alleges that an employee of Defendant, on or about July 27, 2011 and August 23, 2011,

[1] The following facts are set forth in the amended complaint. (ECF No. 6).

unlawfully accessed Plaintiff's personal credit report in response to being served with the original lawsuit. This access was not authorized by Plaintiff and was done under the pretext that Plaintiff had requested a copy of his credit report from Defendant, which Plaintiff had not done. This access was done pursuant to Defendant's policy to allow its employees and attorneys access to a consumer's credit report whenever that consumer files a complaint against Defendant. The employee of Defendant who accessed Plaintiff's credit report provided a copy to Sandy David Baron, Defendant's counsel "for the purpose of formulating Experian's litigation strategy against Mostofi, and to gain an unfair advantage during any settlement negotiations." (ECF No. 6 ¶ 10).

On July 26, 2013, Plaintiff filed a complaint in the Circuit Court for Montgomery County, and subsequently filed an amended complaint on September 19. Plaintiff's complaint contains two counts: (1) accessing and providing Plaintiff's credit report to Defendant's counsel violated the FCRA, 15 U.S.C. § 1681b; and (2) Defendant knowingly hid the true identity of the entity reporting an account on Plaintiff's credit report, in violation of another section of the FCRA, 15 U.S.C. § 1681g(a)(1). On September 25, Defendant removed to this court citing federal question as the basis for this court's jurisdiction. On October 31, Defendant filed a motion to

dismiss Count One. In accordance with *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the clerk of court mailed a letter to Plaintiff the next day, notifying him that a dispositive motion had been filed and that he was entitled to file opposition material or risk entry of judgment against him. (ECF No. 20). Plaintiff opposed on December 13 (ECF No. 25), and Defendant replied on January 10, 2014 (ECF No. 26).[2]

**II. Standard of Review**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville,* 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

---

[2] On June 10, 2014, this case was transferred from Judge Titus to the undersigned.

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co*., 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

Finally, while courts generally should hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," they may nevertheless dismiss complaints that lack a cognizable legal theory or that fail to allege sufficient facts under a cognizable legal theory. *Haines v. Kerner,* 404 U.S. 519, 520 (1972); *Turner v. Kight,* 192 F.Supp.2d 391, 398 (D.Md. 2002), *aff'd*, 121 F.App'x. 9 (4th Cir. 2005).

**III. Analysis**

Plaintiff alleges that Defendant violated 15 U.S.C. § 1681b - which specifies the permissible reasons a CRA may furnish a consumer report - by sharing his credit file with other offices

of Experian and with Experian's counsel. The FCRA defines "consumer report" as "communication of any information by a consumer reporting agency bearing on a consumer[] . . . which is used or expected to be used or collected . . . for the purpose of serving as a factor in establishing the consumer's eligibility" for credit, employment, or another permissible purpose." 15 U.S.C. § 1681a(d)(1). "[N]umerous courts have concluded that . . . a 'consumer report' means a report disclosed to a third party." *Norman v. Lyons*, No. 3:12-CV-4294-B, 2013 WL 655058, at *2 (N.D.Tex. Feb. 22, 2013) (*citing Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004) ("there cannot be a consumer report without disclosure a third party."); *see also* 15 U.S.C. § 1681a(d)(2)(A)(ii) (definition of "consumer report" specifically exempts any "communication of that information among persons related by common ownership or affiliated by corporate control"). Consequently, as to sharing Plaintiff's credit file amongst its offices, Experian did not violate 15 U.S.C. § 1681b because the file did not constitute a "consumer report."

The next question is whether a credit file shared with Experian's counsel is a "consumer report" and therefore within the ambit of Section 1681b. "Specifically, in the context of the FCRA, several courts have explained that an attorney who conducts an investigation on behalf of an employer-client is not

a 'third party' in the same way that a credit bureau or detective agency would be." *Mattiaccio v. DHA Grp., Inc.*, --- F.Supp.2d ----, 2014 WL 717780, at *5 (D.D.C. Feb. 26, 2014) (*citing Norman*, 2013 WL 655058, at *3; *Harman v. Lisle Park Dist.*, 158 F.Supp.2d 869, 876 (N.D.Ill. 2001)). The *Norman* case is strikingly similar to the instant case and instructive. Plaintiff sued Experian for violating the FCRA by providing plaintiff's credit file to its counsel in the course of the law firm defending Experian as part of a related FCRA case filed by Plaintiff. Plaintiff alleged that obtaining the credit report for these purposes was not permissible under the FCRA. After noting that "numerous courts have concluded that . . . a 'consumer report' means a report disclosed to a third party," 2013 WL 655058, at *2, the court found that Experian's attorneys act as its agents and, consequently, are not the "third parties" contemplated by the FCRA. "Under [plaintiff's] reading of the FCRA, a credit reporting agency sued over inaccurate information in a credit report would not be allowed to provide the disputed credit report to its own attorneys without violating the FCRA. The Court has found no support for [plaintiff's] interpretation of the FCRA." *Id.* at *3.

In addressing this analogous case, Plaintiff first notes that it is not from the United States Court of Appeals for the Fourth Circuit and, therefore, is not binding. Be that as it

may, its reasoning is sound and persuasive and Plaintiff points to no binding authority to the contrary and the court has found none.

Plaintiff attempts to distinguish *Norman* by stating that that case had to do with sharing a *contested* credit report, whereas Plaintiff's complaint alleges that what Defendant shared was not the 2010 contested credit report, but an entirely new report generated after the lawsuit was filed. In his opposition, Plaintiff acknowledges that "[t]here is no question that in order to defend itself[,] Experian needed to share with its lawyers a copy of the *disputed credit file*, which would have been the file that existed as of June 2010, when Mostofi submitted his disputes concerning information that Experian was reporting at that time." (ECF No. 25, at 4) (emphasis in original). CRAs have archived copies of consumer reports that they can access, but instead of accessing the June 2010 file, Defendant provided current copies of Plaintiff's credit file that contained information furnished to Experian by creditors after the relevant dispute date. "This was done for the sole purpose of arming Experian's counsel with private and confidential information about Mostofi that was not relevant to the dispute at issue or the subject matter of the lawsuit." (*Id.*).

That distinction did not seem to be driving the *Norman* court but, in any event, as Defendant points out, Plaintiff's complaint in the case from which the present litigation springs alleged that Experian and other CRAs "*continue to report* the disputed information, without any attempt to verify its accuracy." (No. DKC-11-2011, Dkt. No. 2, at 8) (emphasis added). Plaintiff's use of the present tense meant that he alleged that the wrongful entry was still on his credit report. Consequently, it was necessary for defense counsel to obtain a current copy of the report to examine the veracity of Plaintiff's claims.

Finally, Plaintiff puts forth an alternative legal theory, contending that a CRA transmitting a credit file to its own agents, for an improper and illegitimate purpose, is akin to defamation and should be analyzed accordingly. But the case Plaintiff cites in support, *Hyde v. Hibernia Nat'l Bank in Jefferson Parish*, 861 F.2d 446, 449 (5th Cir. 1988), drew upon principles of defamation only to answer the question of when a consumer is injured and thereby starts the FCRA's statute of limitations. Consequently, because an attorney representing a CRA in defense of litigation concerning the contents of a credit report is not a "third party," a CRA sharing the consumer's credit file with that counsel does not turn the file into a

"consumer report" within 15 U.S.C. § 1681b, and Plaintiff does not have a viable claim.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss will be granted and Count One of Plaintiff's complaint will be dismissed. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge